# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROBERT SKIRLOCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01550-LSC |
| ) | |
| **KILO KIJAKAZI,**[1] ) | |
| **Acting Commissioner** ) | |
| **of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

## I.   Introduction

Plaintiff, Robert Skirlock ("Skirlock"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Skirlock timely pursued and exhausted his administrative

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kilolo Kijakazi should therefore be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Skirlock was sixty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. 143). He has a high school education and past work experience as a toolmaker in a machine shop. (Tr. 162). Skirlock claims that he became disabled on February 20, 2016, primarily due to debilitating back pain. (Tr. 31, 40).

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of

impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.*

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of her past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment

or combination of impairments does not prevent her from performing her past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find her not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Skirlock had not engaged in SGA from his alleged onsent date of February 20, 2016. (Tr. 17). The ALJ found that Skirlock had severe impairments consisting of degenerative disc disease of the back and diabetes. (Tr. 17). However, the ALJ then found that the impairments, individually or in combination, neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix. (Tr. 18). The ALJ determined Skirlock has the following RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) except frequent climbing of ramps or stairs; no climbing of ladders, ropes or scaffolds; frequent balancing, stopping, kneeling, crouching, and crawling; avoidance of concentrated exposure to extreme temperatures; and avoidance of all hazards such as open flames, unprotected heights and dangerous moving machinery.

(Tr. 19).

According to the ALJ, Skirlock has past relevant work as a tool maker. (Tr. 22). The ALJ enlisted a vocational expert ("VE") and used Medical-Vocation Rules as a guideline for finding whether an individual with Plaintiff's age, education, work experience, and residual functional capacity would be able to perform any of Plaintiff's past relevant work. (*Id.*) The ALJ determined, with the help of the VE, that Skirlock was unable to perform his past work as it is actually and generally performed. (*Id.*) The ALJ further determined, with the help of the VE, that there are a number of jobs in the national economy that an individual with Plaintiff's age, education, work experience, and residual functional capacity would be able to perform, such as a linen room attendant and hospital cleaner. (Tr. 22–23). The ALJ concluded his findings by stating that Skirlock was not disabled from February 20, 2016, the alleged onset date, through the date of the ALJ's decision. (Tr. 23).

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v.*

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d

622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

### III. Discussion

Plaintiff alleges that the ALJ's decision should be reversed and remanded because the ALJ failed to properly evaluate the credibility of the Plaintiff's complaints consistent with the Eleventh Circuit Pain Standard. (Doc. 15 at 5).

Plaintiff's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.926(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit applies a two-part pain standard when a plaintiff claims disability due to pain or other subjective symptoms. The plaintiff must show evidence of the underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Social

Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the first part of the pain standard is satisfied, the ALJ then evaluates the intensity and persistence of Plaintiff's alleged symptoms and their effect on his ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); *Wilson*, 284 F.3d at 1225–26. In evaluating the extent to which the Plaintiff's symptoms, such as pain, affect his capacity to perform basic work activities, the ALJ will consider (1) objective medical evidence, (2) the nature of Plaintiff's symptoms, (3) the Plaintiff's daily activities, (4) precipitating and aggravating factors, (5) the effectiveness of medication, (6) treatment sought for relief of symptoms, (7) any measures the Plaintiff takes to relieve symptoms, and (8) any conflicts between a Plaintiff's statements and the rest of evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), (4), 416.929(c)(3), (4); SSR 16-3p. In order to discredit Plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *See Dyer*, 395 F.3d at 1210.

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit will not disturb a clearly articulated finding

supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. "The question is not ... whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ acknowledged Plaintiff's statements of pain and other disabling symptoms, including his complaints of back pain and corresponding limitations (Tr. 19–20). The ALJ also acknowledged Plaintiff's diagnosis and history of treatment. (Tr. 20). Notwithstanding those acknowledgments, the ALJ found that Skirlock's statements concerning the intensity, persistence, and limiting effects of these symptoms was not entirely consistent with the medical record. (*Id.*). Skirlock argues "[t]he record does not contain substantial evidence to support the ALJ's determination that the Plaintiff's statements concerning the intensity, persistence and limiting [effects] are not consistent with the objective medical evidence." (Doc. 15 at 12). This Court disagrees.

Skirlock testified that he has debilitating back pain, which sometimes prevented him from finishing a full day of work and required him to take frequent vacation days. (Tr. 39). Skirlock testified that he can pick up a case of water but then

will be in pain for two days after. (Tr. 40). Skirlock stated that he can sit and stand for about 30 minutes at one time. (*Id.*). Skirlock further testified that his pain level ranges between a three and six depending on the activity, and explained that if he gets out and overexerts, he will start hurting "pretty bad." (Tr. 42). Skirlock claims to spend most of his day in a recliner. (Tr. 44). Skirlock eventually began receiving treatment for the back pain as the pain increased. (*See* Tr. 255–279). Skirlock reported the aggravation in back pain was caused by standing and walking. (Tr. 256). X-rays of Skirlock's back showed degenerative disc disease and pelvic un-leveling. (Tr. 257).

However, despite Skirlock's complaints, examinations during the relevant period consistently showed full range of motion and strength in Plaintiff's extremities, along with a normal gait and stance. (Tr. 20–21, 257, 269, 271, 273, 275, 277, 285–89, 294, 298–99, 302–03, 331–32, 336-37, 341–42). At his consultative examination, Skirlock had full muscle and grip strength, no edema, intact sensation, and generally normal range of motion in his back, except for a minimal reduction in flexion and extension of his lumbar spine (Tr. 21, 323, 325–26). Skirlock also had full range of motion in all extremities and negative straight leg raising tests (Tr. 21, 323, 325–26).

Further, Skirlock reported his back pain improved through conservative

treatment with chiropractic care, and that he even refused to take any pain medication. (Tr.21–29, 42, 263,265, 269, 271, 273, 275, 277). Skirlock even stated that he could perform some light yard work and housekeeping chores, drive, go grocery shopping, prepare simple meals, and care for his dog. (Tr. 21, 36, 41, 181–183). Skirlock points to the MRI evidence of degenerative disc disease as evidence he must be disabled, however the ALJ concluded based on the medical record that despite the degenerative spinal changes, Skirlock had full motor strength, normal range of motion in his extremities, and a normal gait and station. (TR. 19–22, 257, 269, 271, 273, 275, 277, 285–86, 288–89, 294, 298–99, 302–03, 323, 325-26, 331–32, 336–37, 341–42.)

Ultimately, the issue is not whether some evidence might support Plaintiff's allegations. Instead, the issue is whether substantial evidence supports the ALJ's findings. *See Dyer*, 395 F.3d at 1210; *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003); see also *Werner*, 421 F. App'x at 939 (11th Cir. 2011) ("The question is not . . . whether the ALJ could have reasonably credited [claimant's] testimony, but whether the ALJ was clearly wrong to discredit it"). Under the substantial evidence standard of review, Skirlock must do more than point to evidence in the record that supports his position; instead, he must show that substantial evidence does not support the ALJ's conclusion. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.

1991); *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). As discussed above, ample evidence supports the ALJ's conclusion that the intensity, persistence, and limiting effects of Skirlock's symptoms were not entirely consistent with the medical record. Accordingly, the ALJ did not err.

## IV.   Conclusion

Upon review of the administrative record, and considering the arguments by Skirlock, this Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered contemporaneously herewith.

**DONE** and **ORDERED** on August 8, 2022.

_____
L. Scott Coogler
United States District Judge

206770